Walter R. Cooper v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-235-CR

WALTER R. COOPER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Walter R. Cooper of the offense of driving under the influence of alcohol by a minor and sentenced him to a fine of $250.  Appellant brings a single point on appeal, arguing that the trial court erred in not excluding evidence of speeding and evidence obtained as a result of the stop and detention for speeding because the State failed to establish the validity of the radar device upon which it relied in determining that Appellant was speeding.

On March 9, 2002, Appellant was stopped by Officer Berry for speeding, based on Appellant’s purported registered speed on a radar device as well as the officer’s visual observations.  After the officer stopped
 
Appellant, the officer noticed signs that could indicate that Appellant had alcohol in his system.  Based on these signs, the officer asked Appellant to perform several field sobriety tests.  From the results of these tests, the officer formed the opinion that Appellant did, in fact, have alcohol in his system, and wrote him a citation for driving under the influence by a minor.

Appellant pled not guilty, but was convicted by a jury and sentenced
 
to a fine of $250, court costs of $52, and 20 hours of community service.

During the trial, Appellant objected when the officer testified on cross-examination that he had determined that Appellant was speeding based on the radar device, arguing that the City had failed to establish the reliability of the radar.  Appellant’s objection was overruled, and the evidence was admitted.

Appellant argues that because the arresting officer was not familiar with the theory underlying the radar and could not meet the other tests of reliability of the radar, the detention of Appellant was unlawful, and the fruits of the stop and seizure should have been suppressed.

The proponent of expert testimony or evidence based on scientific theory must show by clear and convincing evidence that the scientific evidence is both reliable and relevant to assist the trier of fact.
(footnote: 2)  There must be a sufficient showing that the underlying scientific theory is valid, that the technique applying the theory is valid, and that the technique has been properly applied on the occasion in question.
(footnote: 3)
 Radar is not self-proving.  While the theory behind radar is well established, the officer operating the radar must be able to testify that the test was correctly performed and must satisfy the other 
Kelly/Daubert
 factors.
(footnote: 4)  The officer in this case was unable to do so.  Consequently, the radar evidence was improperly admitted.

A police officer, however, is as free to follow another vehicle as any other citizen would be.  Whether the officer chose to follow Appellant because he suspected Appellant’s vehicle’s speed was excessive, or whether he chose to follow Appellant for any other reason, he was free to do so without voicing any other reasonable suspicion of crime.  The officer testified that he followed Appellant and clocked Appellant’s vehicle’s speed as he followed him.  The radar and his own observation of Appellant’s speed caused him to execute a u-turn and follow Appellant.  It was while following Appellant that the officer confirmed his speed as excessive.  Based on his own observations, the officer had reasonable suspicion to stop Appellant.

Based on the appropriate standard of review,
(footnote: 5) we hold that the trial court did not abuse its discretion in overruling Appellant’s motion to suppress.  We overrule Appellant’s sole point on appeal and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: December 9, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Kelly v. State
, 824 S.W.2d 568, 572 (Tex. Crim. App. 1992).

3:
Id.
 at 573.

4:
Daubert v. Merrell Dow Pharms.
,
 Inc.
, 509 U.S. 579, 592-93, 113 S. Ct. 2786, 2796 (1993); 
Kelly
, 824 S.W.2d at 572.

5:
See Guzman v. State
, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).